**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EDUARDO FLORES-CASTRO, | No. 13-73410 |
| Petitioner, | |
| | Agency No. A200-685-176 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:      SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Eduardo Flores-Castro, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and denying his request for voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the BIA's denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part Flores-Castro's petition for review.

Substantial evidence supports the BIA's determination that Flores-Castro failed to demonstrate that he suffered past persecution or had a well-founded fear of persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (a petitioner must provide "*some* evidence" of the persecutor's motive, direct or circumstantial) (emphasis in original); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Parussimova v. Mukasey,* 555 F.3d 734, 741 (9th Cir. 2009) ("[T]o demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts."). Thus, we deny the petition as to Flores-Castro's asylum and withholding of removal claims. *See Zetino*, 622 F.3d at 1016-17.

13-73410

The BIA did not abuse its discretion in declining to remand Flores-Castro's case where the letters from relatives which Flores-Castro submitted failed to establish a prima facie case. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining the BIA can deny a motion to reopen on at least three independent grounds, including "failure to establish a prima facie case for the relief sought"). We reject Flores-Castro's contention that the BIA did not give sufficient weight to the new evidence.

Substantial evidence supports the BIA's finding that Flores-Castro did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Mexican government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus his CAT claim fails.

Finally, we lack jurisdiction to consider Flores-Castro's challenge to the IJ's denial of voluntary departure, because he did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (arguments not raised before the BIA are unexhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-73410